WO

ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Moody, | No. CV 21-00844-PHX-JAT (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Party, et al., | |
| Defendants. | |

On May 12, 2021, Plaintiff Raymond Moody, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). Pursuant to 28 U.S.C. § 1915(g), the Court will deny the Application to Proceed and will dismiss the Complaint and this action without prejudice.

**I.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

Three of Plaintiff's prior actions or appeals qualify as "strikes" under § 1915(g):

(1) Moody v. Phoenix Police Department, CV 14-00604-PHX-NVW (LOA) (June 13, 2014 Judgment and Order dismissing the Second Amended Complaint for failure to state a claim);

(2) Moody v. Arizona Department of Corrections (Medical), CV 16-01654-PHX-NVW (JZB) (June 2, 2016 Order dismissing the Complaint for failure to state a claim, with leave to amend, and July 18, 2016 Judgment for failure to file amended complaint); and

(3) *Moody v. Arizona Department of Corrections (Mental Health)*, CV 16-01870-PHX-NVW (JZB) (August 4, 2016 Judgment and Order dismissing the First Amended Complaint for failure to state a claim).

Therefore, Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee and $50.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II.   Imminent Danger**

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering a

motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews*, 493 F.3d at 1053. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff's two claims relate to his transfer from one cell to another, and the apparent seizure of his "spiritual book" and "religion stuff." These allegations do not show that Plaintiff is in imminent danger of serious physical injury. Thus, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $402.00 filing and administrative fees when he files his action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $400.00 filing and administrative fees when he files his action.

(3) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 25th day of May, 2021.

James A. Teilborg
Senior United States District Judge